UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENNA CROOM | |
| VERSUS | CIVIL ACTION |
| BRISTOW GROUP INC., ERA HELICOPTERS, LLC, AGUSTAWESTLAND PHILADELPHIA CORPORATION, and LEONARDO S.p.A. | NO. 2:23-cv-5092 |
| | JUDGE GUIDRY |
| | MAGISTRATE CURRAULT |

**ORDER**

Before the Court is Defendant Leonardo S.p.A.'s ("Leonardo") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. R. Doc. 47. For the following reasons, the motion is **DENIED** without prejudice, with leave to re-file after limited jurisdictional discovery is completed.

**BACKGROUND**[1]

This products liability and admiralty case arises out of injuries Plaintiff, Brenna Croom, ("Plaintiff") allegedly suffered during an emergency landing at Houma-Terrebonne Airport aboard an Augusta AW139 Helicopter ("Subject Helicopter"). *See generally* R. Doc. 5. Among other claims, Plaintiff makes claims under the General Maritime Law of the United States and the Louisiana Products Liability Act against Leonardo and AgustaWestland Philadelphia Corporation ("AWPC"). *Id.* Plaintiff alleges Leonardo, AWPC, and former defendant Leonardo

---

[1] For purposes of this motion, the Court accepts "plaintiff's uncontroverted nonconclusional factual allegations as true and resolves all controverted allegations in the plaintiff's favor." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

1

Helicopters USA, Inc., ("Leonardo Helicopters") "designed, assembled, built, manufactured, distributed and/or produced" the Subject Helicopter. *Id.* at ¶ 28.

Leonardo subsequently filed this Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. R. Doc. 47. Leonardo argues this Court lacks specific or general personal jurisdiction because its Louisiana contacts are *de minimis*. *Id.* Leonardo concedes it designed the Subject Helicopter but avers that its designing and manufacturing activities "related to the Subject Helicopter" occurred in Italy. *Id.* at 2. Leonardo also states that it did not sell or assemble the subject helicopter and that it has no other contacts in Louisiana over the last ten years except for two helicopter sales for a different model. *See id.*

Plaintiff argues she has made a prima facie case for general and specific jurisdiction in Louisiana against Leonardo. In the alternative, she asks for leave to conduct jurisdictional discovery. R. Doc. 60. Plaintiff argues Leonardo is subject to general jurisdiction because Leonardo has a business presence in the state. *Id.* at pp. 4-7. She also argues Leonardo is subject to specific jurisdiction because Leonardo itself has minimum contacts with Louisiana and that "Leonardo Helicopters and/or AWPC['s]" contacts should be imputed to Leonardo as its alter ego. *Id.* at pp. 8-18, 20.

## LAW & ANALYSIS

### 1. Legal Standard

Fed. R. Civ. P. 12(b)(2) permits dismissal of a suit for lack of personal jurisdiction. When a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. *Id.*

2

To assert personal jurisdiction, (1) the state's long-arm statute must reach the nonresident defendant and (2) the exercise of jurisdiction must comport with the Fourteenth Amendment's due process clause. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). Louisiana's long-arm statute allows jurisdiction over nonresident defendants up to the federal constitutional limit so these two inquiries merge. *See* La.R.S. 13:320. The plaintiff must show the defendant has enough "minimum contacts" with the forum to assert either general or specific jurisdiction. *See, e.g., Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

2. **Plaintiff Fails to Allege General Jurisdiction Against Leonardo**

Leonardo asserts that it is not subject to this Court's general jurisdiction. Leonardo argues it is not "at home" in Louisiana and this is not an exceptional case. R. Doc. 47 at 8. Because Leonardo allegedly "has no offices, plants, facilities, officers, directors, employees, representatives, agents, or any other permanent physical presence in Louisiana relative to the sale, manufacture, design, maintenance or servicing of its helicopters," there is no general jurisdiction. *Id. at* p 7.

Plaintiff asserts Leonardo is subject to this Court's general jurisdiction because it has a "business presence" in Louisiana. R. Doc. 60 at p 5. She argues Leonardo's business presence, established through its subsidiary, includes "(1) [a] physical presence in Louisiana, (2) [] continually conducting substantial business in Louisiana at least since the beginning of 2019, (3) rent[ing] or own[ing] a 20,000 square foot facility in Louisiana, (4) employ[ing] people in Louisiana, (5) stor[ing] substantial inventory in Louisiana, and (6) offer[ing] technical support, maintenance, and other services in Louisiana to at least 700 of its helicopters that operate in the Gulf of Mexico region." *Id.* at p 7.

3

A corporation is only subject to general jurisdiction where its contacts are so "continuous and systematic" that it can be "fairly regarded as at home" in the forum state. *Torsh Inc. v. Audio Enhancement, Inc.*, 661 F. Supp. 3d 596, 600 (E.D. La. 2023) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014)).[2] These "all-purpose forums" are a corporation's place of incorporation and its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2854, 180 L. Ed. 2d 796 (2011). It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Goodyear*, 564 U.S. at 924). An "exceptional case" is required. *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 242 (5th Cir. 2022) (citing *Daimler*, 571 U.S. at 139 n.19).

Leonardo is not at home in Louisiana. Plaintiff offers no evidence to refute that Leonardo "is an Italian corporation … with a principal place of business in Rome, Italy." *See* R. Doc. 47 at p 1. The present litigation is not an exceptional case.

Plaintiff also attempts to impute general jurisdiction based on Leonardo's contacts "through its subsidiary," presumably AWPC or Leonardo Helicopters. R. Doc. 60 at p 10; R. Doc. 72 at p 3.

Here, imputing subsidiary contacts for general jurisdiction fails. "Courts have long recognized institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson Marine Inc. v. Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir.

---

[2] The "at home" analysis for general jurisdiction is not dependent on entity type and applies to limited liability companies as well as corporations. *See, e.g., White v. Yax Ecommerce, LLC,* 2023 WL 7298938 at *4 fn.39 (citing *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331 (5th Cir. 2020)).

1999). A party cannot typically establish general personal jurisdiction over a nonresident corporation based on "contacts with the forum state of another [affiliated] corporate entity." *Freudensprung,* 379 F.3d at 346. Instead, agency relationships "may be relevant to [] specific jurisdiction" where a corporation could "direct its agents or distributors to take action there." *Daimler,* 571 U.S. at 759 n.13; *see also In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* 753 F.3d 521, 531 (5th Cir. 2014) (assigning the "significance of principal-agent relationship" to specific jurisdiction, not general jurisdiction).

Even attributing subsidiary contacts to Leonardo, they do not establish general jurisdiction. There is no doubt that allegedly renting a facility, having employees, and servicing helicopters in the state are contacts. *See* R. Doc. 60 at p 7. However, general jurisdiction is inherently "a comparative inquiry." *Douglass,* 46 F.4th at 243. The United States is not the center of Leonardo's *worldwide* contacts. Plaintiff concedes the U.S. is only Leonardo's *third* largest revenue market. R. Doc. 72 at p 10. Moreover, there is no evidence that Leonardo or the "Gulf of Mexico Support Center" employed corporate directors, hosted board meetings, or was the place where any long-term corporate decision was made. Merely servicing or maintaining a product in the forum state does not establish general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411, 104 S. Ct. 1868, 1870, 80 L. Ed. 2d 404 (1984). A related entity's act to place a product in the stream of commerce does not "warrant [] that … the forum has general jurisdiction over a defendant." *See Goodyear,* 546 U.S. at 927.

Taken together, Louisiana in comparison to other forums is not the "center of [Leonardo's] activities" or a "surrogate for [Leonardo's] place of incorporation." *Douglass,* 46 F.4th at 243; *see also Cap. Credit Inc. v. Mainspring Am., Inc*., No. A-19-CV-797-LY, 2020 WL 4043499, at *3 (W.D. Tex. July 17, 2020), report and recommendation adopted, No. 1:19-

CV-797-LY, 2020 WL 9810026 (W.D. Tex. Aug. 11, 2020). Because Louisiana is not Leonardo's principal place of business, state of incorporation, or the de facto center of Leonardo's activities, the Court cannot assert general jurisdiction over Leonardo.

3. **The Court Orders Jurisdictional Discovery to Assess Leonardo's Louisiana Contacts for Specific Jurisdiction**

   a. **Minimum Contacts**

Leonardo asserts it does not have sufficient minimum contacts in Louisiana because it has not "availed itself of the privileges of conducting business in Louisiana." R. Doc. 40 at p 10. Leonardo also alleges it has not committed "any act in, or directed toward, Louisiana" from which Plaintiff's claims "arise." *Id.*

Plaintiff argues Leonardo has sufficient minimum contacts with Louisiana because Leonardo placed AW139s into the stream-of-commerce without restriction. R. Doc. 60 at p 10-12. Plaintiff attaches an alleged incomplete AW139 production list showing Leonardo manufactured at least 12 AW139s for the Louisiana market. *Id.* at p 14. Alternatively, Plaintiff asserts jurisdictional discovery will uncover "Leonardo's relationship with AWPC [and] Leonardo Helicopters" and Leonardo's "awareness and knowledge of its AW139s being sold [and] used [] in Louisiana." *Id.* at pp 19-20.

"Specific personal jurisdiction is a claim-specific inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 900 (5th Cir. 2024) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "The defendant must have 'reached out beyond' its home—by, for example, 'exploi[ting]' a market in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*

*v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359, 141 S. Ct. 1017, 1025, 209 L. Ed. 2d 225 (2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014)).

The Fifth Circuit's three-step specific jurisdiction test asks: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there ("minimum contacts"); (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts ("relatedness"); and (3) whether the exercise of personal jurisdiction is fair and reasonable ("reasonableness"). *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020)).

The Court has wide discretion to order jurisdictional discovery. *See Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008). But a plaintiff needs a "preliminary showing of jurisdiction" and must allege facts that "suggest with reasonable particularity the possible existence of requisite contacts" to sustain jurisdiction. *Fieldling v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.2003)). She must assert discovery is "likely to produce the facts needed to withstand" dismissal. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021). General averments are not sufficient. *Id.* The court may review "pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command–Aire Corp. v. Ontario Mech. Sales & Servs., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). When there is a factual dispute, courts generally find it appropriate to grant narrow jurisdictional discovery. *See, e.g., Whitener v. Pliva, Inc.*, No. CIV.A. 10-1552, 2012 WL 1343964, at *8 (E.D. La. Apr. 18, 2012), aff'd, 606 F. App'x 762 (5th Cir. 2015).

On the present record, it is unclear whether Leonardo's manufacturing contacts in Louisiana are sporadic and isolated or sufficient to warrant specific jurisdiction. *Compare* R. Doc. 47 ("[Leonardo] has not even sold an AW139 in Louisiana") *with* R. Doc. 60 ("Leonardo manufactures *at least 12* AW139 helicopters specifically for Louisiana"). Plaintiff alleges that three other AW139 helicopters were involved in accidents in Louisiana. *See* R. Doc. 60 at p 14-15. Plaintiff also alleges that Leonardo manufactures AW139 helicopters for the United States, at least 12 for Louisiana, without restricting sale in Louisiana. *Id.* A foreign manufacturer's agreement to have its products sold in the United States by another entity, absent restriction, with repeated sales in the forum are sufficient minimum contacts. *See, e.g., Ainsworth v. Moffett Engineering Co.*, 716 F.3d 174, 179 (5th Cir. 2013). However, these contacts cannot be sporadic and isolated.

The Fifth Circuit recently cautioned district courts against assuming personal jurisdiction—labeling it an "evergreen problem." *Megalomedia Inc. v. Philadelphia Indemnity Insurance Co.*, No. 23-20570 at *1 (5th Cir. Sep. 20, 2024). When the record does not "establish the necessary jurisdictional facts," jurisdictional discovery is appropriate. *Id.* at *3. By Plaintiff's own admission, the AW139 production list is "incomplete." R. Doc. 60 at p 14. A complete record could show: (a) Leonardo's full production list, including when and how it manufactured AW139s for Louisiana, (b) detailed information about Leonardo's relationship with AWPC or Leonardo Helicopters, indicating how helicopters were manufactured for and sold in the United States, and (c) the value of AW139s manufactured for Louisiana as a percentage of United States sales.

At this time, Plaintiff has presented adequate factual allegations that may support specific personal jurisdiction. Additional discovery could show Leonardo, independently, has sufficient

minimum contacts in Louisiana. Because it is now unknown who, where, how many, the value of, the percentage of total sales, and to whom other AW139 helicopters are manufactured for and sold, the Court orders limited jurisdictional discovery.

      b. **Relatedness**

Leonardo also asserts that because a third party took the Subject Helicopter into Louisiana there cannot be specific jurisdiction. *See* R. Doc. 47 at p 11. Because the Subject Helicopter was built in Pennsylvania and sold in Delaware, Plaintiff's injuries do not "arise out of" Leonardo's Louisiana contacts. *Id.* at p 10.

However, relatedness only requires that the plaintiff's injuries "arise out of or *relate to*" the defendant's forum state contacts. *Pace,* 93 F.4th at 900 (emphasis added). A non-causal "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State" is sufficient. *Ford,* 592 U.S. at 359 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017)).

Even though *the* Subject Helicopter was taken into the forum by a third-party does not mean Leonardo, as a foreign manufacturer, failed to manufacture *other* AW139 helicopters for Louisiana buyers. *See, e.g., Ford,* 592 U.S. at 362. Like in *World-Wide Volkswagen v. Woodson*, although the trial court could not assert personal jurisdiction over an out-of-state car dealer, a foreign manufacturer could be subject to the forum's jurisdiction. 444 U.S. 286, 295 (1980). "[I]f the sale of a product of a manufacturer or distributor such….is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in [several or all] other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its

9

owner or to others." *Ford*, 592 U.S. at 363 (quoting *id.*). Should discovery reveal that Leonardo's contacts are continuous and not isolated, Plaintiff's alleged injury on an AW139 manufactured by Leonardo is arguably related to Leonardo's contacts to manufacture other AW139s for Louisiana buyers. Because plaintiff has carried her prima facie burden to warrant jurisdictional discovery under the minimum contacts and relatedness prongs, the Court does not need to address reasonableness at this stage. However, the Court does not foreclose a finding of no relatedness.

**4. Plaintiff Does Not Make a Prima Facie Case that AWPC Is Leonardo's Alter Ego**

Plaintiff also argues AWPC's contacts should be attributed to Leonardo for specific jurisdiction. *See* R. Docs. 60 at p 20; 72 at p 4. Because AWPC and/or Leonardo Helicopters are allegedly Leonardo's fully-owned subsidiaries, Plaintiff argues they are Leonardo's alter egos under Louisiana law. R. Doc. 72 at p 4. Thus, subsidiary "contacts may be imputed onto [Leonardo] for the purpose of personal jurisdiction." *Id.*

Leonardo asserts that neither Leonardo Helicopters nor AWPC is an alter ego because the clear balance of factors does not support imputation. R. Doc. 75 at pp 5-7. Even when reading in the light most favorable to Plaintiff, only one factor, wholly-owned subsidiary, indicates alter ego jurisdiction. *Id.* at p 7.

To attribute subsidiary contacts for personal jurisdiction, Plaintiff must make a prima facie showing that "one corporation assert[s] sufficient control to make the other its agent or alter ego." *Dickson Marine,* 179 F.3d at 338. Under Louisiana law these factors include: common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries,

10

expenses, or losses of another corporation; and undocumented transfers of funds between entities. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010) (citing *Green v. Champion Ins. Co.*, 577 So.2d 249, 257–58 (La.Ct.App.1991)).[3] Even if "some factors suggest that one entity is the alter ego of another, the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos." *Jackson*, 615 F.3d at 587 (citing *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir.1990)). When imputation is warranted, often all factors favor it. *See Blackmon v. Bracken Constr. Co., Inc.,* No. CV 18-00142-BAJ-RLB, 2018 WL 4387633, at *4 (M.D. La. Sept. 14, 2018) (finding an entity was an alter ego when nearly all factors favored imputing subsidiary contacts).

The evidence does not support finding AWPC as Leonardo's alter ego. Other than the observation of corporate formalities and wholly-owned subsidiaries, factors speak *against* alter ego imputation. *See generally,* R. Docs. 60, 75. Plaintiff offers no evidence that contradicts Leonardo's affidavit that AWPC and Leonardo have separate corporate directors, capitalization, payment of salaries, and that any transfer of funds is undocumented. *Id.* Plaintiff's attempts to question Leonardo's veracity is not enough. *See* Rec Doc. 72. There must be "affirmative" facts showing that entities are alter egos. *Alpine View Co.*, 205 F.3d at 217; *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, 2019 WL 6699789, at *2 (W.D. Tex. Dec. 9, 2019) ("test[ing] the veracity of [the defendant's] story however articulates no legitimate basis to doubt [the defendant's] representations.") To be sure, Plaintiff has not had discovery. Discovery is only warranted *if* there is a prima facie showing. *See Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295, 299 (5th Cir. 2011) (affirming dismissal for lack of personal jurisdiction as a preliminary matter for failure to present a prima facie case).

---

[3] Because Plaintiff asserts claims under Louisiana Products Liability Act, the Court uses the Louisiana test as directed under *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 330 n. 5 (5th Cir. 2011).

11

Not only is Plaintiff unable to carry her prima facie burden but she also fails to identify *any* evidence she expects to find to support alter ego imputation. The court does not authorize "jurisdictional fishing expeditions" based on hope or "general averments that more discovery" will find jurisdiction. *Johnson*, 21 F.4th 314, 326. Because Plaintiff does not identify any specific evidence that will support alter ego imputation, there is no need to authorize such discovery. Accordingly,

**IT IS ORDERED** that Leonardo's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction under Fed. R. Civ. P 12(b)(2) is **DENIED** without prejudice, with leave to re-file after limited jurisdictional discovery is completed;

**IT IS FURTHER ORDERED** that Plaintiff Brenna Croom is **GRANTED LEAVE** to conduct limited jurisdictional discovery consistent with this Order for a period of not more than ninety (90) days from the date of this order; and

**IT IS FURTHER ORDERED** that the parties' joint Request for Oral Argument is **DENIED AS MOOT.**

New Orleans, Louisiana, this 22nd day of October 2024.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE